Brenda K. Gordon, Pro Se
13500 SW Pacific Hwy., # 240
Tigard, OR  97224
**Phone:** (503) 867-9944
**Email:** bkgord88@icloud.com/gordbk1188@gmail.com

FILED18 APR '16 12:05USDC-ORP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

BRENDA K. GORDON, an individual,
natural citizen, and Pro se "class of one"
Plaintiff,

vs.

ERIC VAN HAGEN, in his individual capacity
as deputy counsel for TriMet, a municipal
corporation of the State of Oregon; a public
body;

STEPHEN K. BUSHONG, in his individual
capacity as a Circuit Court Judge for
Multnomah County Circuit Court, a municipal
corporation of the State of Oregon; a public
body;

JEAN K. MAURER, in her individual
capacity as a Circuit Court Judge for
Multnomah County Circuit Court, a municipal
corporation
of the State of Oregon; a public body;

MULTNOMAH COUNTY and
MULTNOMAH COUNTY CIRCUIT COURT
Defendants.

) Case No.: _3:16-CV-666.__ PK_
)
)
) **CIVIL COMPLAINT**
) **42 U.S.C. § 1983; 42 U.S.C. § 1985**
) **42 U.S.C. § 1986 ; 42 U.S.C. § 1988**
) **Violations of Amendment XIV, Section 1**
) **of the U.S. Constitution**
)
) **Civil Conspiracy/Fraud upon the Court**
) **Negligent/Intentional Infliction of Emotional**
) **Distress (NIED)(IIED)**
) **DECLARATIVE RELIEF**
)
) **Constitutionality Challenges ORCP 60** ?
)
) CLAIMS FOR RELIEF $1,500,000.00
) JURY DEMAND
) CLAIM NOT SUBJECT TO MANDATORY
) ARBITRATION UTCR 13.060 (3)
)

## I.   INTRODUCTION AND SUMMARY OF THE CASE

1.      In accordance with Federal Rule of Civil Procedure ("FRCP") 7(a)(1), Plaintiff Brenda

K. Gordon in Pro Se, brings this Civil Complaint in the District Court to petition the judicial branch of

government for redress of grievances against the three (3) Oregon State and Local Governmental

employees as Officers of the Court in their official and individual capacities and the three (3)

Municipal Public Bodies, as named in the above caption, for alleged violations of Amendment XIV,

Section 1 of the U.S. Constitution.

2. Plaintiff contends such alleged violations adversely affected her substantive and

procedural rights in the civil proceedings referenced herein, as well as deprived her of the right to an

impartial forum necessary to secure a fair "Trial by jury in (a) civil case(s)" as guaranteed under

Amendment VII, pursuant to *Goldberg v. Kelly,* wherein the court stated:

> An impartial decision maker is an *essential right* in civil proceedings. 397 U.S. 254, 271
> (1970). *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167
> (3rd Cir. 2010) [F]ederal plaintiff did not allege *merely* that state court decisions were
> erroneous or unconstitutional, but that plaintiff was *denied independent right to an
> impartial forum*.[1]

3. The Circuit Court records show, as fully described below, the three officer defendants'

wholly disregarded controlling State precedents on the merits of the case and construed alternative

rules, implemented by the named municipalities, contrary to clearly established mandated procedural

laws and constitutional guarantees, which also served to cause unjustified delays.

> *See Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 310
> **(6th Cir. 2010)** (plaintiffs' federal court claims not barred by *Rooker-Feldman* doctrine
> because they did not seek review or reversal of state court decisions, and *focused on
> conduct of public officials leading up to that decision, cert. denied*, **131 S. Ct. 804 (2010)**
> (Emphasis added)

4. Plaintiff alleges such acts and failures to act denied her a property *and* liberty interest

without adequate due process and equal protection of the laws, for which the Circuit and Appellate

courts failed, and subsequently refused to provide a suitable post-deprivation remedy upon repeated

notice of the errors, whereby Plaintiff relies, in part, on the following Supreme Court statements on the

merits of this action, wherein the Court confirmed:

---

1   *See Marshall v. Jerric*o, 446 U.S. 238, 242 (1980) "The neutrality requirement helps to *guarantee*
life, *liberty*, or *property* will not be taken on the basis of an erroneous or distorted conception of the
facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness . . . by
ensuring that no person will be deprived of his interests in the absence of a proceeding in which he
may present his case with assurance that the arbiter is not predisposed to find against him."

The deprivation of a liberty or property interest is *fundamental* to both substantive and procedural due process claims. *Bd. of Regents v. Roth*, 408 U.S.564, 570-71 (1972); A choice among alternatives by a municipal official with final decision-making authority may also serve as the basis of municipal liability. *See Pembaur v. City of Cincinnati,* 475 U.S. 469 482-83 (1986); *See also* "*** For intentional, as for negligent deprivations of property by state employees, *the state's action is not complete until and unless* it provides or *refuses* to provide a *suitable post deprivation* remedy."). *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (Emphasis added)

## II    FEDERAL CAUSE OF ACTION

5.    Thereby, Plaintiff brings this grievance for federal constitutional infringements by the governmental defendants named herein, pursuant to the right granted under "the Petition Clause" in Amendment I of the U.S. Constitu*tion. See Sure-Tan, Inc. v.* NLRB.[2]

6.    Additionally, Article III of the United States Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." U.S. Const., Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear *any* case in which there is a federal ingredient. *Osborn v. Bank of the United States,* 9 Wheat. (22 U.S.) 738 (1824)(quoted in *Harlow v. Fitzgerald,* 457 U.S. 800 (1982))
(Emphasis added)

7.    Accordingly, this case arises as a federal cause of action.under 42 U.S.C. § 1983 Civil action for deprivation of rights, commonly referred to as "section 1983;"[3] 42 U.S.C. § 1985 Conspiracy

---

2    [The Supreme Court's] precedents confirm that the Petition Clause *protects* the *right* of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. "[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-897, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984)(quoted in *Borough of Duryea, Pennsylvania, et al., v. Charles J. Guarnieri,* 131 S.Ct. 2488 (2011)).

3    See *American Well Works v. Layne,* The Supreme Court has found that a "suit arises under the law that creates the cause of action," 241 US 257 (1916); and therefore, only suits based on federal law,***, create federal question jurisdiction. *See also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

to interfere with civil rights; 42 U.S.C. § 1986 Action for Neglect to Prevent Interference with Civil

Rights; and 42 U.S.C. § 1988(a) Proceedings in Vindication of Civil Rights for alleged constitutional

violations incurred by Plaintiff from the defendant officers during the Multnomah Circuit Court Civil

proceedings, Case No.1111-15253, commenced on November 20, 2011, through and including

Plaintiff's ORCP 71 C Motion to Set Aside the April 9, 2013 General Judgment, submitted on or

around April 14, 2014. [TCF

## III. STATUTES OF LIMITATIONS

8.    Plaintiff's § 1983 claims are timely before this court under Oregon tort laws of two

years. However, Fraud upon the Court does not carry a statute of limitations.

9.    Plaintiff complains and alleges as follows:

## IV. THE PARTIES

10.    Plaintiff is a natural U.S. Citizen and resident of the State of Oregon who sought relief

in the Multnomah Circuit Court for established claims invoked under State Statutes for liability of

Negligence, Breach of the Duty of Care, and Negligent/Intentional Infliction of Emotional Distress

brought against the Circuit Court Defendants, "TriMet" a local municipal public transit system, as such

claims are authorized under the Oregon Torts Claims Act ("OTCA").

11.    Plaintiff was entitled to a property interest "*remedy by due course of law*" and a liberty

interest in a speedy proceeding "*completely and without delay*" for a personal bodily injury in the

administration of justice, as guaranteed under Article I, Sect. 10 of the Oregon Constitution.[4]

12.    The Circuit Court record shows Plaintiff sustained the loss of the property interest

---

4    .*Cleveland Board of Education v. Loudermill*, 470 U.S. 531, 541 (1985)(Due process property
interests are created by "existing rules or understandings that stem from an independent source such
as state law--rules or understanding that secure certain benefits and that support claims of
entitlement to those benefits); *Id* @ 577,

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                                          PAGE 4

remedy for the relief sought for the three claims alleged without any legal authority cited or sufficient evidence entered on the record to support the adverse "No Fault" Jury Verdict [TCF    ] and the General Judgment issued concurring with the verdict [TCF    ]

13.    Defendant Eric Van Hagen is a duly licensed lawyer by the Oregon State Bar. OSB
_____ and an officer of the court, pursuant to ORS    Defendant Van Hagen appeared in the Circuit Court proceedings in question as an employee and Deputy Counsel for the defendants Tri-County Metropolitan, a local public body municipality, pursuant to ORS

14.    Defendant Stephen A. Bushong is the duly elected and/or appointed Judicial Officer employed by the Oregon Judicial Department pursuant to [ORS    ]. Defendant Bushong appeared as the Presiding pre-trial Motions Judge for the Multnomah County Circuit Court in the proceedings in question.

15.    Defendant Maurer is the duly elected and/or appointed Judicial Officer employed by the Oregon Judicial Department pursuant to [ORS    ]. Defendant Judge Maurer appeared as the trial judge for the Multnomah County Circuit Court. in the proceedings in question.

16.    Defendant the Multnomah County Circuit Court is a "public body" pursuant to ORS 174.109, organized and existing under the laws of the State of Oregon as a division of the Oregon Judicial Department [ORS 174.113], and the 3rd branch of Oregon State government [ORS 174.111] by Art. III, section 1, pursuant to ORS 3.012.

17.    Defendant Multnomah County (the "County") is a "local government" organized and existing under the laws of the State of Oregon, pursuant to ORS 174.116, and defined as a "public body" pursuant to ORS 174,109.

## V.    JURISDICTION AND VENUE

18.    The District Court has ORIGINAL jurisdiction under 28 U.S.C.§§ 1331.

CIVIL COMPLAINT  **GORDON v. VAN HAGEN,** et al.,                                    PAGE  5

19.     The District Court has jurisdiction under 28 U.S.C. § 2201 and § 2202 for Declaratory

Relief, whereby an actual controversy exists with respect to (1) the implementation of mandated due

process safeguards by the public body entities;[5] (2) the public officers non-compliance to mandated

safeguards [ORCP 1 B; ORS 1.725]; (3) the implementation of alternative provisions contrary to said

safeguards, and (4) the officers application of the alternative provisions inconsistent with said

safeguards construed in violation of their professional statutory legal duties and Oaths under the

Supremacy Clause.

20.     The District Court has Supplemental Jurisdiction under 28 U.S.C.§ 1367

21.     Venue and Subject-matter are proper under 28 U.S.C. § 1391(e)(2) because the events

giving rise to Plaintiff's constitutional claims occurred in this judicial district. Plaintiff is a resident and

citizen of this District. Defendants are State and local public bodies, and officers and employees of

said public bodies in this District.

VI.     FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

22.     Plaintiff contends that the circuit court case proceeded to a jury trial irrespective of

opposing counsels repeated motions to dismiss the case. Neverthelss, the pre-trial Motions Judge

failed to address the motions to dismiss on record. The failure to do so was not harmless.

1.      Property Interest Established

23.     Thus, the Motions Judge demonstrated knowledge the complaint successfully

established a personal injury claim with merit, whereby the judicial officer knew, or should have

known, the Oregon Constitution guaranteed Plaintiff a property interest remedy, pursuant to the

Oregon Supreme Court in *Smothers*:

5   The procedural safeguards that must accompany a state's deprivation of a constitutionally protected
    interest is a matter of federal law. *Vitek v. Jones*, 445 U.S. 480, 491 (1980)

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                                    PAGE  6

> This court concluded that, \*\*\* Article I, Section 10 of the Oregon Constitution guarantees a remedy for an "injury" to absolute common-law rights respecting person, property, or reputation. @ 135-36. *Smothers v. Gresham Transfers, Inc.* 332 Or 83, 23 P3d, 333 (2001). (emphasis added)

2.    The Circuit Court record

24.    The Circuit Court record shows in pre-trial, Opposing Counsel, Defendant Van Hagen attempted to mislead Plaintiff as a pro se to amend the complaint to dispose of material facts in a letter dated January 19, 2012, willfully and knowingly made a late appearance 45 days later to cause the case to be dismissed for lack of prosecution, repeatedly presented false certifications in motions to the court which misrepresented the facts and laws [See TCF , construed alternative rules contrary to mandated rules to postpone the proceedings without any justification for doing so [See TCF      ], repeatedly requested discovery of documents already in his possession, refused to submit relevant public records for admission as evidence, subjected Plaintiff to an unwarranted and onerous deposition for no other purpose than to harass and humiliate her, and only halted the assault when he brought her to hysterical tears from frustration and exhaustion.

25.    The Circuit Court record shows the Motions Judge, Defendant Bushong issued an April 9, 2012 Order granting opposing counsel's contrary Motion to Strike the Majority of the Complaint disposing of material facts and laws without any legal authority stated on the record for doing so. **Exhibit** TCF ; permitted the court to grant counsel's three unjustified motions to postpone in contravention to mandated rules; permitted the onerous deposition upon Plaintiff's repeated objections; denied all of Plaintiff's Motions and Objections throughout pre-trial without stating any reasons or legal authority for doing so; and issued an Order Denying opposing counsel's Motion to Dismiss the State Statutes invoking the defendant's duty without making any

determination to the relevancy of the statutes or stating any legal authority on the record for the denial. TCF

26.     The Circuit Court record shows Plaintiff repeatedly objected to opposing counsels' motions noticing the court of the misrepresentations, to no avail, noticed the court, including the Appellate and Supreme Courts of the irreparable damage the April 9th interlocutory Order would create by disposing of material facts, laws and evidence necessary for a jury trial, to no avail; repeatedly noticed the court of her failing health due to a pre-existing disability and the shock of the two officers' brazen disregard of the laws presented, including the affect of the April 9th Order which caused a minor stroke and admission to a hospital on April 28, 2012, to no response; repeatedly objected to the postponements and prohibitions under mandated laws, to no response or acknowledgement. TCF

27.     The Circuit Court record shows at trial, the trial judge, Defendant Maurer admitted Plaintiff's evidence of an injury and evidence showing the injury occurred inboard the defendant's train, but granted opposing counsel's directed verdict to dispose of the state statutes and public records as relevant evidence, including the damages claims without stating any legal authority on the record for doing so;  failed to instruct the jury on all the issues, facts and laws necessary to make a determination; failed to strike Defendant's accusatory outburst directed to Plaintiff in front of the jury, wherein he pointed and stated: "You filed a lawsuit against the Department of Education!" – wherein Plaintiff responded "They permitted their collection agents to seize $6000 from my SSDI without notice and hearing" and without response, continued with his closing that Plaintiff "failed to show there was an injury." TCF

28.     The Circuit Court record shows Defendant Maurer issued a General Judgment

conferring with the Jury's No Fault Verdict for defendants without stating any legal authorities for doing so. TCF Verdict; TCF General Judgment

29.    Ultimately, the Circuit Court record shows the trial judge and the court failed to respond on the record to Plaintiff's notice of errors at trial in three Motions for a New Trial and Judgment Notwithstanding the Verdict, or provide a hearing to Plaintiff's Motion to Set Aside the Verdict. TCF

B.    Plaintiff's Reliance

30.    As such, Plaintiff had a justified reliance on the judicial officers' duty as officer of the court to comply with mandated procedural rules to ensure the property interest remedy, pursuant to *Board of Regents v. Roth,* wherein the U. S.Supreme Court stated:

> Where a person has reasonable expectation of continued receipt of a benefit is a property interest (explaining that "it is a purpose of the ancient institution of property to protect those claims upon which people rely on in their daily lives, *reliance that must not be arbitrarily undermined.*) 408 U.S. 564, 569 -70 (1972)

C.    Defendants' Knowledge, Legal Duty, and Foreseeability

31.    Plaintiff further contends that all three defendants, as judicial officers and lawyers, had ample notice of the rules of court, and a professional obligation to correct and ensure necessary safeguards within the language of the rules when promulgated by the legislative appointed judges and lawyers who make up the Council on Court Procedures ("CCP"),[6] in its intent to protect substantive and procedural rights,[7] and prevent the deprivations alleged herein, pursuant to ORS 1.735

---

6    ORS 1.735 (2) A promulgation, amendment or repeal of a rule by the council *is invalid* and does not become effective *unless the exact language* of the *proposed* promulgation, amendment or repeal is published or distributed *to all members of the bar at least 30 days before* the meeting at which *the council plans to take final action* on the promulgation, amendment or repeal. ***.

7    ORS 1.725 Legislative findings. The Legislative Assembly finds that: (1) Oregon laws relating to civil procedure *designed for the benefit of litigants* which meet the needs of the court system and the bar *are necessary to assure prompt and efficient administration of justice in the courts of the state.* (emphasis added) *See* ORS 1.745 Laws on

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                                    PAGE  9

32.     The U.S. Supreme Court <u>opined</u> that "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson* 483 U.S. at 640.

> The "salient question" is whether the officer had "fair warning" or "fair notice" that his or her actions would violate the law. *Hope v. Peltzer*, 536 U.S. 730, 739-41 (2002).

33.     Pursuant to the clear language under ORCP 1,[8] the defendants had "fair notice" of the procedural rules' full purpose, scope and construction; and "fair warning" that the provisions therein, when precisely mandated were established to prevent adversely affecting any litigants substantive rights pursuant to the mandates under ORS 1.735 as presented above.

34.     Accordingly, the defendant officers had reason to know "[d]eviation from a legal rule is error" *Olano*,[9] pursuant to ORCP 1D *See City of St. Louis v. Praprotnik*, 485, U.S. 112, 127 (1988) (emphasizing that critical inquiry is whether official has final decision-making authority)

D.     Cleary Established Law and Constitutional Rights

35.     Thereby, a factfinder could find the three (3) defendant officers had a legal duty, by virtue of their professional obligations under state law and Oaths under the Supremacy Clause,[10] to ensure and enforce mandated procedural laws in accordance with Oregon legislative intent and

---

civil pleading, practice and procedure deemed rules of court until changed.

8   ORCP 1 A *Scope*. These rules *govern procedure and practice* in *all circuit courts of this state*, ***, for *all civil actions* and special proceedings whether cognizable as cases at law, in equity, *** **B. Construction. These rules *shall* be construed to *secure* the just, speedy, and inexpensive determination of every action.** (emphasis added)

9   "Indeed, there are good reasons to suppose that the [FRCP] is *the product of a judgment* that our jury systems should be given *a stable and constant structure*, one that *cannot be varied* by a court *with or without* the consent of the parties." *United States v. Olano et al.*, U.S. 715, 732 (1993). Justice Kennedy, concurring. (Emphasis added)

10  *See* the Oregon Rules of Professional Conduct (ORPC); ORS § 1 .212 Oregon Code of Professional Conduct; the Canons of Judicial Ethics (now the Code of Judicial Conduct); Article VI of the U.S. Constitution

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                                    PAGE  10

controlling decisional laws, in compliance with the proscriptions to the State under Amendment XIV

of the U.S. Constitution, to protect Plaintiff's constitutional guarantees within its jurisdiction, as

follows:

> "Citizenship; privileges and immunities; due process; equal protection. All persons born or
> naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the
> United States and of the State wherein they reside. No State shall make or enforce any law
> which shall abridge the privileges or immunities of citizens of the United States; nor shall
> any State deprive any person of life, liberty, or property, without due process of law; nor
> deny to any person within its jurisdiction the equal protection of the laws."

36.     Whereby, Plaintiff alleges the defendants knew, or should have known, the acts and

failures to act in contravention to mandated laws and Amendment XIV guarantees[11] were foreseeable

to deprive Plaintiff of procedural and substantive rights, and adversely affect the outcome of the

Circuit Court case.

## VI.     LEGAL AUTHORITIES FOR § 1983 CLAIM

37.     In *Ensley v. Soper,* the 11th Circuit stated:

[T]he plaintiff must point to case law which predates the official's alleged improper
conduct, involves materially similar facts, and *truly compels the conclusion* that the plaintiff
had a right under federal law.142 F.3d 1402, 1406 (11th Cir. 1998). (emphasis added)

38.     However, the Supreme Court confirmed in *Hope v. Pelzer*: [t]he *facts* of the existing

precedent *need not* be "materially similar" to those of the instant case.536 U.S. 730, 739 (2002).

39.     Accordingly, Plaintiff's reliance rests securely in the U.S. Supreme Court's reasoning

in its' decision in *Zinermon v. Burch*, 494 U.S. 113 (1990), wherein the "respondent claimed he

was entitled to receive the procedural safeguards provided by [the state]; the petitioners deprived

---

11  Our system of jurisprudence rests on the assumption that all individuals, whatever their position in
government, are subject to federal law:"No man in this country is so high that he is above the law.
No officer of the law may set that law at defiance with impunity. All the officers of the government,
from the highest to the lowest, are creatures of the law, and are bound to obey it." *United States v.
Lee*, **106 U.S., at 220.**

him of his liberty without due process of law [and] should have afforded him procedural safeguards

required by the Constitution, and the failure to do so violated his due process rights." Whereby, the

court:"return[ed] to the interpretation of § 1983 articulated in *Monroe v. Pape*, 365 U. S. 167

(1961)

40.    The *Zinermon* court added: (a hearing is generally required before final deprivation of

property interests, and "a person's liberty is equally protected").*Id.*

> We conclude that petitioners cannot escape § 1983 liability by characterizing their conduct
> as a "random, unauthorized" violation of [state] law which the State was not in a position
> to predict or avert, Page 494 U. S. 139 *** *Such a deprivation is foreseeable*, ***,we hold
> *** that his complaint was sufficient to state a claim under § 1983 for violation of his
> procedural due process rights. *Id (emphasis added)*

41.    Plaintiff further relies on the following:

A.    DUE PROCESS AUTHORITIES

> "Due process property interests are created by "existing rules or understandings that stem
> from an independent source such as state law--rules or understanding that secure certain
> benefits and that support claims of entitlement to those benefits." @ 577. *Cleveland Board
> of Education v. Loudermill* 470 U.S. 531, 541 (1985). See also *Logan v. Zimmerman
> Brush Co.* [12]

> Decisions on the Record are *applicable generally*. "[T]he decisionmaker's conclusion . .
> *must rest solely on the legal rules and evidence* adduced at the hearing. ... To demonstrate
> compliance with this elementary requirement, the decisionmaker *should state the reasons
> for his determination and indicate the evidence he relied on*." *Goldberg v. Kelly* 397 U.S.
> 254, 271 (1970).

> [T]he court *made clear* that due process *included* the right to "an unbiased tribunal" and
> the "*right to know opposing evidence*." *See Hagar v. Reclamation Dist.,* 111 U.S. 701, 708
> (1884) "Due process *requires* that the procedures by which laws are applied *must* be

---

12  In a liberty interest case and then in a property interest case, the Court has squarely held that
because "'minimum [procedural] requirements [are] a matter of federal law, they are not diminished
by the fact that the State may have specified its own procedures that it may deem adequate for
determining the preconditions to adverse action.' *** Substantive entitlements, therefore, may owe
their existence to positive enactment, but the procedural protections are found in the judiciary
reading of the due process clause. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432 (1982)
(quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980).

evenhanded, so that individuals are not subjected to the *arbitrary* exercise of government power. *Id.* It *must* be pursued in the ordinary mode *prescribed by law*. (emphasis added)

B.    EQUAL PROTECTION AUTHORITIES

"'The purpose of the equal protection clause of the Fourteenth Amendment is to *secure every person* within the state's jurisdiction *against intentional and arbitrary discrimination*, whether occasioned by *express terms of a statute or by its improper execution through duly constituted agents*.' " *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923) (quoting *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350 352 (1918)). (Emphasis added)

# VIII    STANDARDS OF REVIEW

Once a protected due process property or liberty interest has been identified, a court must examine the process that accompanies the deprivation of that protected interest and decide whether the available procedural safeguards are constitutionally adequate. The procedural safeguards that must accompany a state's deprivation of a constitutionally protected interest is a matter of federal law. *Vitek v. Jones*, 445 U.S. 480, 491 (1980);  A state court may not deny a federal right..." @496 U.S. 370 *Howlett V. Rose*,  496 U.S. 356 (1990) (quoting *Douglas v. New York, N.H. & H.R. Co.*, 279 U.S. 377, 279 U. S. 387-388 (1929) (Holmes, J.).

 A court must first consider whether the action is a matter of choice for the acting employee. *** [T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, *the employee has **no rightful option** but to adhere to the directive*. *Berkovitz v. United States*. Pp. 535-539., 486 U.S. 531 (1988) The agency has no discretion to deviate from this mandated procedure. *Id.*  The question in this case is whether the governmental activities challenged *** are of this discretionary nature. *Id.*

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made.' " *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees.*, 479 f.3d 1175 1183 9th Cir 2007 (quoting *Johnson v. Duffy*, 588 f.2d 740, 743 (9th cir 1978). *See also* "[I]n light of pre-existing law, the unlawfulness must be apparent. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). To be clearly established, the Court reminded, "a right must be sufficiently clear 'that every reasonable official would [have understood] that what he was doing violates that right.'" **Id. at ___, citing *Ashcroft v. al-Kidd*,** 563 U.S. ___, ___, (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987);

§ 1983 liability obtains *** "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [.]" 436 U.S. At 694. *Monell v. New York City of Dept. of Social Service*, supra,

An essential ingredient of a § 1983 claim is that the defendant acted under color of state

law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978) Even if the deprivation represents an abuse of authority or lies outside the authority of the official, if the official is acting within the scope of his or her employment, the person is *still acting under color of state law*. See *Anderson*, 451 F.3d at 1068-69; *McDade*, 223 F.3d at 1140; *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986). (emphasis added)

When a judge exceeds his jurisdiction and grants or denies that beyond his lawful authority to grant or deny, he has perpetrated a "non-judicial" action  *Yates v. Hoffman Estates* (1962 dc iii 209 f sup 757 ) Trespasser of the law  loses subject matter jurisdiction and orders are void and of no legal force or affect.

Under Supreme Court decisional law, municipal liability may be based on  the decision of a person with "final policymaking authority." *Praprotnik*, 485 U.S. at 123. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)

IX.    "SUBSTANTIVE STANDARD" for LIABILITY UNDER § 1983

It is well established that judges may be enjoyed from interfering with citizens' rights. *Bramlett v. Peterson* 1967 386 us 547.   See *Fitzgerald v. Barnstable School Committee*, U.S. 246 (2009) *Fitzgerald* made clear that the Court will "not lightly conclude that Congress intended to preclude reliance on § 1983 as a remedy for a substantial equal protection claim," *Id.* at 256 (quoting *Smith v. Robinson*, 468 U.S. 992, 1012 (1984)), for that matter, as a remedy for any constitutional claim. *Id*

42.    Accordingly, Plaintiff points to the "substantive standard" for liability established in

*Harlow v. Fitzgerald*, where JUSTICE BRENNAN, with whom JUSTICE MARSHALL and

JUSTICE BLACKMUN joined, concurred:

> I agree with the substantive standard announced by the Court today, imposing liability when a public-official defendant "knew or should have known" of the constitutionally violative effect of his actions. Ante, at 815, 819. This standard would not allow the official who actually knows that he was violating the law to escape liability for his actions, even if he could not "reasonably have been expected" to know what he actually did know. Ante, at 819, n. 33. Thus the clever and unusually well-informed violator of constitutional rights will not evade just punishment for his crimes. I also agree that this standard applies "across the board," to all "government officials performing discretionary functions." Ante, at 818.  457 U.S. 800 (1982); 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396

X.    **MATERIAL ISSUES OF LAW**

A.    In Oregon, a speedy trial is a guaranteed liberty interest

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                                    PAGE  14

43.     For the express sake of speedy trial rights, such right is a liberty interest made clear under the "without delay" Clause in **Art. I, Sect. 10** [13] *See* The Speedy Trial Act of 1979. 18 U.S.C. 3161 (c)(1)(2). *See also* ORCP 1 as a procedural safeguard

44.     Thereby, in addition to the factual allegations affecting constitutional rights presented for adjudication, Plaintiff asserts the urgency of promptly resolving material issues of law for a jury as trier of fact regarding: (1) federal complaint standards; (2) the Ripeness Doctrine and (3) immunity,[14] for proper review and timely determinations by this court; not so to affect the substantial rights of the defendants to bring those defenses, but for the sole purpose of relying on the courts' duty to allay unwarranted delays.

45.     Plaintiff fully addresses below the aforementioned material issues, as follows:

(1)     Federal Complaint Standards

First, FRCP 8 General Rules of Pleading mandates in part:

(a) *** A pleading that states a claim for relief *must* contain: (1) a short and plain statement of the grounds for the court's jurisdiction, *** (2) a *** statement *** showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

46.     Precisely, Rule 8(a) provides no mandatory language as to how "short" a pleadings' claim for relief *must* be, e.g. page and/or word count. Plaintiff relies on the unambiguous provisions for presenting pleadings under 8(d) and (e) in part.

---

13 Article I, section 10 of the Oregon Constitution "*declares* that justice *shall* be administered *without delay*," which is *substantially the same as **guaranteeing** a speedy trial* to a defendant in a criminal action." *State v. Breaw*, 78 P. 896, 896 (Or. 1904). [A]rticle I, section 10, *states* ***a **mandatory** directive not within the disposal of the parties, a difference that can bear *on the enforcement of the constitutional command. State ex rel. Oregonian Pub. Co. v. Deiz*, 289 Or. 277, 613 P.2d 23 (1980). (emphasis added)

14 *See*, e.g., *Hunter v. Bryant*, 502 U. S. 224, 228 (1991) (per curiam) ("Immunity ordinarily should be *decided by the court long before trial*."); *Anderson v. Creighton*, 483 U. S. 635, 646, n. 6 (1987) ("[I]mmunity questions should be resolved *at the earliest possible stage* of litigation.").

(2)     The Ripeness Doctrine

47.     Pursuant to the Ripeness Doctrine,[15] Plaintiffs' claims are ripe because (1) the injuries

sustained are ongoing without relief from this court; (2) presented within the statutes of limitations;

and (3) as it relates to the authority under § 1983 to bring state law in alignment with federal law, (See

*Id. Zinermon*) as such alleged unconstitutional laws are described below, to bring attention to the

federal court of such discrepancies as prescribed by ORS 14.175.[16]  See Attachment A

3.     Immunity

48.     "Immunity-related issues should be decided at the earliest opportunity." *Osborn v.*

*Haley*, 549 U.S. 225 (2007)' Pp. 22-24. 549    U. S. ____ (2007) Justice Ginsburg.

> "[U]nder section 1983, *individual employees* of the state, *See Hafer v. Melo*, 502 U.S. 25
> (1991); and *local governments*, *See  City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985),
> may be sued in their individual capacities for damages, declaratory or injunctive relief.

> "Local governments have no immunity from damages flowing from their constitutional
> violations, and may not assert the good faith of its agents as a defense to liability. *Owen v. City
> of Independence, MO*, 445 U.S. 621 (1980); *See Monell v. Dept. of Social Services of New York*,
> 436 U.S. 658, 699-700 (1978).

49.     Pursuant to ORS § 30.265 (1),[17] Oregon has waived the governmental immunity.

Nevertheless, the existence of concurrent state remedies is not a bar to a section 1983 action. *Id.*

*Zinermon v. Burch*, 494 U.S. 113, 124 (1990).

B     Amendment VII Rights control  FRCP 8(c) (1)Affirmative Defenses

---

15 The Ripeness Doctrine holds that a case is justiciable if "the harm asserted has matured sufficiently
  to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343
  (1975)

16  MOOTNESS ORS 14.175 Acts, policies or practices of public body capable of repetition and likely to evade
  judicial review.

17  ORS § 30.265 Scope of liability of public body [ ] employees *(1) Subject to the limitations of ORS
  § 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its* officers,
  *employees* and agents acting within the scope of their employment or duties, whether arising out of a
  governmental or proprietary function*****.

A jury trial in a civil proceeding is inviolate. [Amendment VII; FRCP 38(a)]

Plaintiff relies on FRCP 39(a) and does not waive her rights *on any of the factual "triable of right" issues* presented herein to be tried ***exclusively by a jury of her peers,***

## XI.    PLAINTIFF'S RIGHT TO RELIEF UNDER  42 U.S.C. § 1983

50.    In accordance with FRCP 8(a)(2), Plaintiff is entitled to relief under 42 U.S.C. § 1983 pursuant to Congress' express language under the Statute,[18] which *mandates*:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State ***, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. ***. (Emphasis added)

A.    Irreparable Injury

51.    Plaintiff contends that a trier of fact could find that her civil rights were irreparably infringed upon by the defendants' misconduct,[19] and subjected her to a hostile, and most likely, "advisory" jury resulting in emotional and physical injury.

> "Actual damages caused by a denial of procedural due process may be based on either the emotional distress caused by the denial of fair process, or by an unjustifiable deprivation of liberty or property attributable to lack of fair process." @ 263–64 (mental and emotional distress actually caused by denial of procedural due process is compensable under § 1983). *Carey v. Piphus,* 435 U.S. 247 (1978) (procedural due process claim). *See also* 7th Cir.

52.    Plaintiff  will continue to sustain such ongoing loss, injury, pain and suffering without a favorable ruling by the District Court.

---

18 *See United States v. Olano et al* "The language [of the rule] may be noticed." 507 U.S. 715, 732 (1993).

19 A § 1983 defendant "may be held liable for 'those consequences attributable to reasonably foreseeable intervening forces, including acts of third parties.'"817 *Warner v. Orange Cnty. Dep't of Prob.,* 115 F.3d 1068, 1071 (2d Cir. 1996) (quoting *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 561 (1st Cir. 1989)).

1. Violation and Denial of Equal Protection of ORS § 18.005 (16)

53. Precisely, pursuant *Bennett v. Spear,*[20] a jury, as trier-of-fact, could find the

evidentiary facts on record *show* the above-named governmental actors' failed to comply with the

procedural requirements for relief prescribed under ORS § 18.005 (16) whereby: (1) no

determination of Plaintiff's rights and claims of defendant's liability were ever made on the record

as invoked under legal state statutes for safety and security standards as required under decisional

law, RE CONDUCT OF GUSTAFSON regarding willful acts..[21] Accordingly, the named

public bodies implementation of policies contrary to constitutional guarantees and construed in the

proceedings were the "moving force" behind the deprivations.

> In *Monell v. New York City of Dept. of Social Service*, supra, [the court] held that official
> policy must be "the moving force of the constitutional violation" in order to establish the
> liability of a government body under § 1983. Id., at 694.

## XIII. FRAUD UPON THE COURT

54. Plaintiff contends this court could find that opposing counsel's influence upon the court

to render its favorable decisions *without any sufficient evidence* or s*tating any legal authorities for*

*doing so* and *in contravention to the mandated rules* presented below constituted a conspiracy to

commit Fraud upon the Court by the three governmental officers to interfere with Plaintiff's civil rights

[§ 1985] and a Neglect to Prevent [such] Interference [§ 1986].

---

20 Article III has three standing requirements: [T]he plaintiff must show that she has "suffered `injury
in fact,' that the injury is `fairly traceable' to the actions of the defendant, and that the injury will
"'likely' as opposed to merely 'speculative' be redressed by a favorable decision on the merits."
*Bennett v. Spear,* 520 U.S. 154, 162 (1997)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555,
560-61 (1992) Pp. 4-6

21 The Plaintiff must find clear and convincing evidence of a willful violation. .IN RE CONDUCT OF
GUSTAFSON 305 Or. 655 756 P.2d 21 (1988)(applying that standard) Gustafson acted contrary to
law without determining whether he had the authority to do so. *Id.* at 664-69. In re Complaint As to
the CONDUCT OF the Honorable Bert GUSTAFSON, Accused. Supreme Court of Oregon, In
Banc.

## XIV.  DELIBERATE INDIFFERENCE

55.     When the executive official had time to deliberate, but the official was nevertheless deliberately indifferent, the deliberate indifference "shocks the conscience" and thus violates substantive due process. *County of Sacramento v. Lewis,* @ 325, 328, 523 U.S. 833 (1998).

56.     This court could find the General Judgment conferring with the ill-conceived Verdict disposed of all material issues without stating any legal authority for doing so. *See* "To sustain judgment based upon trial court findings, it *must appear* that findings support judgment *on all material issues*." See *Anderson v. Waco Scaffold & Equip.*, CIT. (27)

57.     Accordingly, pursuant to FRCP 8(a)(3), Plaintiff brings allegations for claims of damages, including punitive damages,  under Section 1983 against the three (3) individually named Defendants in the above caption  in both their individual personal and official-capacities, jointly and severally  for willful violations of the "Due Process" Clause and the "Equal Protection of the Laws" Clause taken under color of State law, whereby relief is appropriate under 42 U.S.C. § 1983 for damages, including punitive damages.[22]

## XVI.  UNDER COLOR OF STATE LAW

> In *United States v. Classic*, 313 U. S. 299, 326 (1941), th[e] Court held that a person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the 318*318 authority of state law." An essential ingredient of a § 1983 claim is that the defendant acted under color of

---

22  Punitive damages, however, may be awarded under § 1983 against a state or municipal official in her individual capacity. *See infra* Chapter 21. *See also Smith v. Wade*, 461 U.S. 30 (1983) Punitive damages are available in a proper case under § 1983. ***the availability of punitive damages was accepted as settled law by nearly all state and federal courts at the time of enactment. Moreover, this Court has rested decisions on related issues on the premise that punitive damages are available under § 1983. *Id.* Pp.461 U.S. 34-38.

state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)

59.     The record shows that although the three named defendants' were acting in their official

capacities as officers of the court and employees of the State and a local municipality respectively, the

alleged constitutional violations presented herein were outside the scope of their employment, pursuant

to ORS 1.025.

> "[A] court's issuance of a judgment is clearly state action. *Shelley v. Kraemer*, 334 U.S. 1, 14–20 (1948). "Liability in damages for unconstitutional or otherwise illegal conduct has the very desirable effect of deterring such conduct. This was the proposition upon which 42 U.S.C. 1983 was enacted." "Judges may be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. Section 242. *Imbler v Pachtman* US 47 l.ed 2nd 128 96 s.ct)

## XVII. CONSPIRACY TO INTERFERE WITH CONSTITUTIONAL RIGHTS

> "Where multiple 'forces are actively operating,' . . . plaintiffs may demonstrate that each defendant is a *concurrent cause* ***multiple tortfeasors are *jointly and severally liable*." *Lippoldt v. Cole*, 468 F.3d 1204, 1219 (10th Cir. 2006) (quoting *Northington v. Marin,* 102 F.3d 1564, 1568–69 (10th Cir. 1996)).

60.     A trier of fact could find the alleged misconduct implicated an "agreement to reach a

predetermined outcome" [23]

Plaintiff reserves the right to amend this complaint for the sake of justice.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Amendment XIV, Section 1)

Violation of the Due Process Clause

---

23   "The alleged agreement to reach a predetermined outcome in a case would itself violate *** constitutional rights, *independently of the subsequent state court decisions*." at 172 *Great W. Mining & Mineral Co. v. Fox Rothschild* LLP, 615 F.3d 159, 167 (3d Cir. 2010). . "state court losses were the result of a "corrupt conspiracy" between the defending attorney and certain state court judges to exchange favorable rulings***."

42 U.S.C. § 1983 Civil action for deprivation of rights

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution, for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers failure to ensure and enforce over 10 counts of mandated Rules of Court, and specifically ORS § 18.005 (16) .deprived Plaintiff of due process as guaranteed under Amendment XIV, Section 1

At all times relevant hereto, as a result of failing to ensure and enforce the procedural laws, the defendant governmental officers, jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions was the direct cause of irreparable injury to plaintiff by depriving her of the property interest remedy sought.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving her of an impartial forum which denied the Demand for

Relief sought in the Circuit Court case

1. Compensatory Damages against the three governmental defendants jointly and severaly, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.

## SECOND CAUSE OF ACTION
### (Amendment XIV, Section 1)

Violation of the Equal Protection Clause

42 U.S.C. § 1983 Civil action for deprivation of rights

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                          PAGE  21

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional right to Equal Protection of the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers failure to ensure and enforce over 10 counts of mandated Rules of Court and specifically ORS § 18.005 (16) deprived Plaintiff of Equal Protection of the laws within its jurisdiction, as guaranteed under Amendment XIV, Section 1

At all times relevant hereto, as a result of failing to ensure and enforce Plaintiff's constitutional right to Equal Protection, the defendant governmental officers, jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury to plaintiff by depriving her of the property interest remedy sought.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving Plaintiff of an impartial forum which denied the Demand

for Relief sought in the Circuit Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.

### THIRD CAUSE OF ACTION
Violation of 42 U.S.C. § 1985 Conspiracy to interfere with civil rights

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional right to Due Process and Equal Protection of the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers failure to ensure and enforce over 10 counts of mandated Rules of Court and specifically ORS § 18.005 (16) deprived Plaintiff of Due Process and Equal Protection of the laws within its jurisdiction guaranteed under Amendment XIV, Section 1

At all times relevant hereto, the defendants in tandem affirmative acts and omissions demonstrated a conspiracy to interfere with Plaintiff's civil rights under an improper motive to obtain and secure favorable rulings for a public body public transportation corporation, in violation of proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury to plaintiff by depriving her of the property interest remedy sought.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving Plaintiff of an impartial forum in a civil proceeding

which denied the Demand for Relief sought in the Circuit Court case in violation of her U.S.

Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.


### FOURTH CAUSE OF ACTION
Violation of  42 U.S.C. § 1986

#### Action for Neglect to Prevent Interference with Civil Rights

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                          PAGE  23

above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the three defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional rights to Due Process and Equal Protection of the Laws within its jurisdiction

At all times relevant hereto, the defendant governmental officers failure to ensure and enforce Plaintiff's constitutional rights demonstrated a neglect to prevent such interference jointly and severally.

At all times relevant hereto, as a result of failing to ensure and enforce Plaintiff's constitutional rights jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury to plaintiff by depriving her of the property interest remedy sought.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving Plaintiff of the Demand for Relief sought in the Circuit

Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.

## SIXTH CAUSE OF ACTION
42 U.S.C. § 1988(a) Proceedings in Vindication of Civil Rights

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                    PAGE  24

above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional right to Equal Protection of the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers willful and knowing failure to ensure and enforce over 10 counts of mandated Rules of Court and specifically ORS § 18.005 (16) deprived Plaintiff of Equal Protection of the laws within its jurisdiction, as guaranteed under Amendment XIV, Section 1

At all times relevant hereto, as a result of failing to ensure and enforce Plaintiff's constitutional rights, governmental officers, jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury to plaintiff by depriving her of the property interest remedy sought.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severaly for depriving Plaintiff of the Demand for Relief sought in the Circuit

Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.

### SIXTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional right to Equal Protection of the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers negligent failure to ensure and enforce over 10 counts of mandated Rules of Court and specifically ORS § 18.005 (16) deprived Plaintiff of Equal Protection of the laws within its jurisdiction, as guaranteed under Amendment XIV, Section 1

At all times relevant hereto, as a result of failing to ensure and enforce Plaintiff's constitutional rights, governmental officers, jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury to plaintiff which resulted in mental, emotional, and physical distress through their vexations, capricious delays, harassment, humiliation, and disregard of the injuries clearly sustained by a public injury.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving Plaintiff of the Demand for Relief sought in the Circuit

Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.


## SIXTH CAUSE OF ACTION
Intentional  Infliction of Emotional Distress

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                              PAGE 26

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental officers named in the above caption, were under a legal duty to ensure and enforce Plaintiff's constitutional right to Equal Protection of the Rules of Court and decisional laws in the case in question.

At all times relevant hereto, the defendant governmental officers willful and knowing failure to ensure and enforce over 10 counts of mandated Rules of Court and specifically ORS § 18.005 (16) deprived Plaintiff of Equal Protection of the laws within its jurisdiction, as guaranteed under Amendment XIV, Section ,

At all times relevant hereto, as a result of failing to ensure and enforce Plaintiff's constitutional rights, governmental officers, jointly and severally, violated the proscriptions to the State under Amendment XIV, Section 1.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the direct cause of irreparable injury which resulted in mental, emotional, and physical distress through their vexations, capricious delays, harassment, humiliation, and disregard of the injuries clearly sustained by a public body.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental

defendants jointly and severally for depriving Plaintiff of the Demand for Relief sought in the Circuit

Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Punitive Damages for Treble the Demand Denied in the amount of $1,500,000.00 U.S. Dollars;

3. Costs for this action; and such other relief as the court deems proper.

## SEVENTH CAUSE OF ACTION
### (Amendment XIV, Section 1)

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                          PAGE  27

42 U.S.C. § 1983 Civil action for deprivation of rights

Implementing Unconstitutional Laws

Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 60 above as if more fully set forth herein at length.

The factual allegations common to all claims as presented to the court in Section VI, Paragraphs 22 through Paragraph 29, pp. 7-9 are summary statements of the events that transpired in the case in question as recorded in the Multnomah Circuit Court dockets.

At all times relevant hereto, plaintiff was entitled to a property interest remedy guaranteed under Article I, Section 10 of the Oregon Constitution for the relief sought under ORS § 18.005 (16) .

At all times relevant hereto, the defendant governmental entities named herein, jointly and severally were under a legal obligation to establish procedural laws in compliance with the U.S. Constitution and federal laws.

At all times relevant hereto, the defendant governmental entities named herein, implementation of rules of court contrary to constitutional guarantees were knowing and willful acts which allowed the governmental individuals named herein to violate Plaintiff's constitutional rights.

At all times relevant hereto, as a result of failing to establish laws in compliance with the U.S. Constitution and federal laws, the entities demonstrated deliberate indifference to Plaintiff's constitutional rights and to the Citizens of Oregon.

At all times relevant hereto, the defendant governmental officers affirmative acts and omissions were the proximate cause of irreparable injury to Plaintiff resulting in emotional, and physical distress.

WHEREFORE, Plaintiff Prays for an Award Judgment against the three governmental entities

jointly and severally for depriving Plaintiff of adequate procedural safeguards and subjected her to

alternative provisions which resulted in the loss of a property interest remedy without due process,

which was the proximate cause of the deprivation of the Demand for Relief sought in the Circuit

Court case in violation of her U.S. Constitutional Rights, as follows:

1. Compensatory Damages against the three governmental defendants jointly and severally, in the amount of $500,000.00 U.S. Dollars, the amount Demanded and Denied.

2. Declarative Relief

3. Costs for this action; and such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

CIVIL COMPLAINT   **GORDON v. VAN HAGEN,** et al.,                    PAGE  28

Plaintiff exercises her right under Amendment VII of the U.S. Constitution and respectfully demands a trial by jury, pursuant to FRCP 38(a) and (b) on all of the issues presented herein.

## DECLARATORY STATEMENT

"I, Brenda K. Gordon, Plaintiff in Pro Se, hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury."

Respectfully Submitted this 14 th day of April 14, 2016

Brenda K. Gordon, in Pro Se
Mailing Address:

Tigard, Oregon 97223
**Phone:**(503) 867-9944
**Email:** bkgord88@icloud.com/
gordbk1188@gmail.com

## CERTIFICATE OF SERVICE

*2016*
I, Brenda K. Gordon, hereby certify that on April 14, ~~2014~~, I caused to be served a true and

correct copy of the foregoing: CIVIL COMPLAINT on the following

person(s) in the manner indicated below at the following address(es):

**BY: REGISTERED CERTIFIED MAIL, RETURN RECEIPT/USPS**
**FIRST CLASS USPO/HAND DELIVERY**
**TO: TRIAL COURT COORDINATOR**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
1003 SW 3d Avenue #740
Portland, OR 97204-1123

**BY:** U.S. POSTAL SERVICE FIRST CLASS MAIL AND ELECTRONIC MAIL
**TO:** Erik Van Hagen, Deputy Counsel,
TriMet
4012 SE 17th Ave.
Portland, OR 97202

**BY: U.S. POSTAL SERVICE FIRST CLASS MAIL AND ELECTRONIC MAIL**
**TO: JUDGE STEPHEN K.** BUSHONG
Multnomah County Courthouse
1021 SW Fourth Avenue
Portland, OR 97204-1123

**BY: U.S. POSTAL SERVICE FIRST CLASS MAIL AND ELECTRONIC MAIL**
**TO: JUDGE JEAN KERR MAURER**
Multnomah County Courthouse
1021 SW Fourth Avenue
Portland, OR 97204-1123

Brenda K. Gordón, in Pro Se
Mailing Address:

Tigard, Oregon 97223
**Phone:**(503) 867-9944
**Email:** bkgord88@icloud.com/
gordbk1188@gmail.com

CIVIL COMPLAINT  **GORDON v. VAN HAGEN,** et al.,                    PAGE  30

TABLE OF CONTENTS

**I.    INTRODUCTION AND SUMMARY OF THE CASE**

II.    FEDERAL CAUSE OF ACTION

III.   STATUTES OF LIMITATIONS

IV..   THE PARTIES

V.     JURISDICTION AND VENUE

VI.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

      A.    Summary of Affirmative Acts and Omissions

          1.    Property Interest Established

          2.    The Circuit Court record

      B.    Plaintiff's Reliance

      C.    Defendants' Knowledge, Legal Duty, and Foreseeability

      D.    Cleary Established Law and Constitutional Rights

VII    LEGAL AUTHORITIES FOR § 1983 CLAIM

      A.    Due Process Authorities

      B.    Equal Protection Authorities

VIII   STANDARDS OF REVIEW

IX.    "SUBSTANTIVE STANDARD" for LIABILITY UNDER § 1983

TABLE OF CONTENTS

X.    MATERIAL ISSUES OF LAW

      A.    In Oregon, a speedy trial is a guaranteed liberty interest

            1.    Federal Complaint Standards

            2.    The Ripeness Doctrine

            3.    Immunity

      B     Amendment VII Rights control  FRCP 8(c) (1)Affirmative Defenses

      C.    FRCP 38(a)(b) Bars Affirmative Defenses to Dispose under Amendments VII/XIV

XI.   PLAINTIFF'S RIGHT TO RELIEF UNDER 42 U.S.C. 1983

      A.    Irreparable Injury

XII.  THE LEGAL DISPUTE/STANDING

      A.    Enforceable Federal Claims under 42 U.S.C. § 1983

      B.    Fact v. Legal Conclusion

            1.    Violation and Denial of Equal Protection of ORS § 18.005 (16)

            2.    Amendment VII Right to Have a Jury Decide the Facts on all Material Issues

            3.    "Moving Force"

            4.    Improper motive/subjective intent
                  to Discriminate and Oppress "Class of One"

TABLE OF CONTENTS

XIII.   FRAUD UPON THE COURT

XIV.   DELIBERATE INDIFFERENCE

XV.   DAMAGES, INCLUDING PUNITIVE DAMAGES

XVI.   UNDER COLOR OF STATE LAW

XVII.   UNDER COLOR OF STATE LAW

XVII.   CONSPIRACY TO INTERFERE WITH CONSTITUTIONAL RIGHTS

    A.   The Judicial Officers Acted without Authority and Subject Matter Jurisdiction

    B.   A Trier of Fact could find a deprivation of an impartial forum:
        No Evidence to Support Verdict or General Judgment

XVIII.   COUNTY AND/OR MULTNOMAH COUNTY CIRCUIT COURT LIABILITY